UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-14461-MARTINEZ/REINHART

RALPH K. HOLMES,

        Plaintiff,

v.

THE CITY OF FORT PIERCE, FLORIDA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS FOR ATTORNEYS' FEES AND COSTS [ECF Nos. 104, 109]

The City of Fort Pierce asks this Court to award it prevailing party attorneys' fees and non-taxable costs under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and Eleventh Circuit Rule 39-2. For the reasons stated below, it is RECOMMENDED that both the trial-level and appellate motions be DENIED.[1]

## BACKGROUND

Ralph K. Holmes was a full-time police officer for the City of Fort Pierce (the "City") beginning in 2003.[2] Mr. Holmes' employment was terminated following an

---

[1] The City filed similar motions for attorneys' fees and costs in both this Court and the Court of Appeals, raising the same arguments. In response to the appellate motion, Mr. Holmes incorporated his Memorandum in Opposition to the City's motion in this Court. Accordingly, both of the City's motions will be addressed in this Report and Recommendation for ease and efficiency.

[2] Unless otherwise noted, all facts are taken from Judge Martinez's Order Granting Defendant's Motion for Summary Judgment. ECF No. 92.

incident that occurred during a routine traffic stop in April 2016, which resulted in the death of the driver. The St. Lucie County Sheriff's Office conducted a criminal investigation and a grand jury ultimately determined that Mr. Holmes' conduct was not criminal. The City then conducted an internal investigation and found that Mr. Holmes violated several Department policies, including insubordination, failure to follow training, and possession of an unauthorized firearm. Ultimately, Chief of Police Diane Hobley-Burney recommended to the City Manager, Nicholas Mimms, that Mr. Holmes be discharged from employment. City Manager Mimms adopted that recommendation.

Subsequently, Mr. Holmes filed a grievance and challenged his termination through arbitration. ECF No. 110 at 2. Arbitrator Sergio A. Delgado ordered that Mr. Holmes be reinstated without back pay. *Id.* However, it was directed that Mr. Holmes be placed on paid administrative leave until his application for disability retirement was approved, as he was medically unable to return to work. *Id.*

In November 2018, Mr. Holmes sued the City, Chief Hobley-Burney, and City Manager Mimms, alleging that his termination was due to unlawful race discrimination. ECF No. 1. The Complaint alleged 3 counts: (1) unlawful race discrimination in violation of 42 U.S.C. § 1981, (2) unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964, and (3) deprivation of liberty without due process, in violation of the Fifth and Fourteenth Amendments. *Id.* Chief Hobley-Burney and City Manager Mimms were sued in both their official and individual capacities. *Id.*

The Defendants moved to dismiss the Complaint for failure to state a claim upon which relief could be granted, and the parties later stipulated to dismiss the individual defendants. ECF Nos. 13, 27. The Court dismissed the individual defendants without prejudice. ECF Nos. 33, 34. As to the City, the Court held that the allegations in the Complaint were conclusory in nature but granted leave to amend. ECF No. 35 at 11. The Court did not analyze the merits of the claims.

Mr. Holmes filed an Amended Complaint, bringing claims against only the City for: (1) unlawful race discrimination in violation of 42 U.S.C. § 1981 and brought pursuant to 42 U.S.C. § 1983, and (2) unlawful race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. ECF No. 36. The City moved to dismiss the Amended Complaint, which was denied. ECF Nos. 37, 43. The Court allowed the claims to proceed, having been satisfied that Mr. Holmes' allegations were sufficient to state *prima facie* claims. ECF No. 43.

After discovery was completed, the City filed a Motion for Summary Judgment. ECF No. 56. Judge Martinez granted the City's motion because, as a matter of law, Mr. Holmes could not show that there was a basis for official liability under 42 U.S.C. § 1981 and Title VII. ECF No. 92 at 14. The District Court entered Final Judgment in favor of the City on July 24, 2020. ECF No. 93.

Mr. Holmes filed a timely appeal. ECF No. 94. On January 27, 2022, the Eleventh Circuit affirmed the District Court's grant of summary judgment. ECF No. 102. The mandate issued on February 25, 2022. *Id.*

The City moved for an award of attorney's fees and costs in both the District Court and the Eleventh Circuit. ECF Nos. 104, 109 (collectively, the "Fee Motions"). At the City's request, the Eleventh Circuit transferred the issue of appellate fees and costs to this Court. ECF No. 108. Mr. Holmes filed a Response to the Fee Motions. ECF Nos. 110, 111. The City filed a singular Reply. ECF No. 112. The Fee Motions have been referred to me for a Report and Recommendation. ECF Nos. 107, 113.

## LEGAL PRINCIPLES

A. *Section 1988*

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Title 42, United States Code, Section 1988 is an exception to that general rule. It states:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 12361 of title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b). Under Section 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of

4

the costs." 42 U.S.C. § 1988(b). Appellate attorneys' fees are recoverable under Section 1988. *Young v. New Process Steel, LP*, 419 F.3d 1201, 1204 (11th Cir. 2005). The party seeking fees bears the burden of proving entitlement and amount. *Am. Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

A district court has the discretion to award attorneys' fees to a prevailing defendant in a § 1981 action only after finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188 (11th Cir. 1985). Nevertheless, "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'" *See Evans v. St. Lucie Cty. Sch. Dist.*, No. 2:17-CV-14450, 2019 WL 3997126, at *4 (S.D. Fla. Aug. 23, 2019) (J. Rosenberg) (quoting *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001)). "[T]he standard for an award of fees to a prevailing defendant in [discrimination] VII cases is a stringent one for policy reasons." *Nunez v. City of Pompano Beach*, No. 20-62626-Civ, 2021 WL 3007154, at *2 (S.D. Fla. 2021) (J. Snow) (citing *Walker v. NationsBank of Florida, N.S.*, 53 F.3d 1548 at 1559 (11th Cir. 1995)).

"A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law." *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1308

(S.D. Fla. 2011) (J. Ungaro), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 503 Fed. Appx. 677 (11th Cir. 2012) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)).

> "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). The Eleventh Circuit explained in *Sullivan* that "[c]ases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed. R. Civ. P. 41(b) motion for involuntary dismissal." *Id.* (explaining that "[i]n these cases, the plaintiffs did not introduce any evidence to support their claims" (citing *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984); *Jones v. Dealers Tractor & Equip. Co.*, 634 F.2d 180 (5th Cir. 1981); *Church of Scientology of California v. Cazares*, 638 F.2d 1272 (5th Cir. 1981); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438 (5th Cir. 1980))). In contrast, "[i]n cases where the plaintiffs introduced evidence sufficient to support their claims, findings of frivolity typically do not stand." *Id.* (citing *White v. So. Park Indep. Sch. Dist.*, 693 F.2d 1163 (5th Cir. 1982); *Plemer v. Parsons- Gilbane*, 713 F.2d 1127 (5th Cir. 1983)).
>
> In determining whether a claim is frivolous, the court may consider the following three factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* (citing *E.E.O.C. v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir. 1983); *Jones*, 634 F.2d at 1146). Ultimately, "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id.*

*Schere v. Sch. Bd. of Miami-Dade County, Florida*, No. 06-22653-CIV, 2007 WL 9705866, at *7 (S.D. Fla. Aug. 30, 2007) (J. Ungaro). The Eleventh Circuit also considers the attention given to the claim by the Court. *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991). "[A] claim is not frivolous when it is 'meritorious enough to receive careful attention and review.'" *Cohen v. World Omni Fin. Corp.*, 457 Fed. Appx. 822, 828 (11th Cir. 2012) (quoting *Busby*, 931 F.2d at 787).

6

As Judge Louis explained, "No one factor is dispositive, and the Court must consider the case as a whole and determine whether the claim was entirely without foundation. In determining whether a claim was frivolous, courts view the evidence in the light most favorable to the non-prevailing plaintiff." *Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *3 (S.D. Fla. Aug. 7, 2020) (J. Louis) (internal citations omitted), *report and recommendation adopted*, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (J. Smith).

B. *42 U.S.C. § 2000e-5(k)*

As the prevailing party over the Title VII claim, the City also seeks an award of attorney's fees and non-taxable costs under 42 U.S.C. § 2000e-5(k), which provides:

> In any action or proceeding under this subchapter [42 U.S.C. §§ 2000e *et seq*.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k). As the City noted in its Fee Motions, this provision is substantively identical to the attorney's fees provisions in 42 U.S.C. § 1988. ECF Nos. 104, 108. Thus, the same analysis applies to both fee-shifting statutes. *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 846, n. 10 (11th Cir. 1991) ("…Congress intended the standards for awarding fees under these two statutes to be the same.").

## DISCUSSION

A. *Sullivan Factors*

None of the *Sullivan* factors favors Mr. Holmes. Judge Martinez found that the Verified Amended Complaint pled plausible *prima facie* claims under § 1981 and Title VII, but ultimately concluded that Mr. Holmes could not prove one. ECF No. 92 at 14.

So, at best for Plaintiff, the first *Sullivan* factor is neutral. As to the second factor, no significant settlement offer was made. Both parties agree that the settlement offer made by the City during court-ordered mediation was insignificant. ECF Nos. 104 at 10, 110 at 8, 112 at 5. "In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party." *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005). The third *Sullivan* factor weighs against Mr. Holmes because his claims were dismissed prior to trial. *See Evans*, 2019 WL 3997126, at *2 (citing S*ullivan*, 773 F.2d at 1189).

The fourth factor considered by the Eleventh Circuit weighs in favor of Mr. Holmes because both this Court and the Court of Appeals have given this case careful attention and review. "[A] claim is not frivolous when it is 'meritorious enough to receive careful attention and review.'" *See Cohen*, 457 Fed. Appx. at 828 (quoting *Busby*, 931 F.2d at 787). The City has not offered any case law supporting its position that this fourth factor should weigh in its favor. Both this Court and the Eleventh Circuit considered the merits of Mr. Holmes' claims in detail, analyzing the relevant facts and case law, when ruling on the Motion for Summary Judgment and affirming the same after a thorough review. However, the above factors are not dispositive in determining frivolity.

B. *Other* I*ndicia of Frivolity*

    1. <u>Count I</u>

The City claims that it was frivolous for Mr. Holmes to pursue his alternative theory that City Manager Mimms was the *de facto* policymaker, and to appeal the Court's grant of summary judgment to the Eleventh Circuit. ECF Nos. 104 at 5, 108 at

7. I disagree. As Judge Martinez explained, to prevail on the § 1981 claim brought through § 1983, Mr. Holmes "must show that the discrimination was a result of the City's [official] policy or custom." ECF No. 92 at 8. In order for the City to be liable for having a discriminatory policy, the individuals Mr. Holmes alleged to have discriminated against him must be final policymakers with respect to the termination decision. Accordingly, Mr. Holmes' claim depends on his assertion that City Manager Mimms was the City's *de facto* final policymaker. The City disputes that City Manager Mimms was the ultimate policymaker:

> Despite Plaintiff's acknowledgment that CSAB existed and was the ultimate policy maker for terminations, Plaintiff argued that, because Plaintiff elected Arbitration in lieu of a hearing before the Civil Service Appeals Board [CSAB], that the City Manager was transformed into the final policy maker for purposes of the *Monell* analysis....Defendant argued, and this Court and the Eleventh Circuit agreed, that, because City Manager Mimms' decision was subject to meaningful administrative review by the [C]ivil [S]ervice [A]ppeals [B]oard, City Manager Mimms plainly was not the final policymaker.

ECF No. 104 at 6–7.

Mr. Holmes consistently argued that City Manager Mimms was the *de facto* policymaker. ECF Nos. 36 at 7, 62 at 4, 110 at 7. Mr. Holmes' collective bargaining agreement permitted him to either appeal to the CSAB or settle his grievance through independent arbitration. ECF No. 102 at 10. Mr. Holmes chose arbitration. Under *Carter v. City of Melbourne*, on which Mr. Holmes relies, the City could not delegate final policymaking authority to Arbitrator Delgado because he was not an employee of the City. 731 F.3d 1161, 1167 (11th Cir. 2013). Thus, Mr. Holmes argued, because the arbitrator's decision was not final, and he chose not to appeal to the CSAB, City Manager Mimms must be the *de facto* policymaker for the City. ECF Nos. 62 at 6–7,

9

110 at 7. This argument is reasonable given Mr. Holmes' contention that he exhausted his remedies when electing arbitration over appealing to the CSAB, taken together with City Manager Mimms' deposition testimony that he had ultimate authority over hiring and termination decisions. ECF No. 62 at 7.

This Court and the Eleventh Circuit ultimately rejected Mr. Holmes' application of *Carter* and held that although City Manager Mimms was the final decisionmaker regarding Mr. Holmes' termination, he could not be the final policymaker because any employment decision he made was subject to meaningful review by the CSAB as the final policymaker. ECF Nos. 92 at 10, 102 at 15. Although Mr. Holmes' legal argument did not prevail, it was not frivolous.

2. Count II

As the Eleventh Circuit explained, Mr. Holmes' Title VII claim depends on a showing of similarly situated comparators outside his protected class who were treated more favorably than he was. ECF No. 102 at 17–18. Mr. Holmes needed to show that he and his comparators were "similarly situated in all material respects." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1226 (11th Cir. 2019). Ultimately, Judge Martinez found, and the Eleventh Circuit agreed, that Mr. Holmes' comparators did not meet this standard:

> Officer Holmes suggested five non-white potential comparators, but only one, Officer Tumblin, engaged in misconduct similar to his. Officer Streeter engaged in no misconduct; he simply went on medical leave for injuries. Officer Francois lied under oath on her job application by failing to disclose that her husband was a convicted felon. Officer Mathura's misconduct involved an improper search and seizure, "conduct unbecoming" (he took off his duty belt to fight a suspect), and an off-duty altercation. And Officer Saintilien engaged in one instance of insubordination in which he failed to

> follow Sergeant MacNaught's orders to go to police headquarters to watch a prisoner.
>
> Officer Tumblin's misconduct was the most similar to Holmes's–he fired his weapon in the direction of a vehicle in a residential neighborhood. However, Chief Hobley-Burney testified that the investigation into Officer Tumblin's shooting was ongoing because the department was still "looking for the suspect in the case" and that Officer Tumblin's case was "completely different from" Officer Holmes's.

ECF No. 102 at 19. This Court and the Eleventh Circuit held that the comparators were not similarly situated because they did not engage in the same basic conduct as Mr. Holmes and had different disciplinary histories. ECF Nos. 92, 102.

Although Mr. Holmes' proffered comparator evidence did not establish an inference of unlawful discrimination, his Title VII claim was not frivolous. With the exception of one comparator, Officer Streeter, Mr. Holmes proffered circumstantial evidence of non-white employees who violated several Department policies and did not lose their jobs. ECF No. 92 at 16. They were officers of the same rank who were disciplined differently than Mr. Holmes by the same individuals, namely Chief Hobley-Burney and/or City Manager Mimms. Viewing the evidence in the light most favorable to Mr. Holmes, I cannot conclude that it was frivolous for Mr. Holmes to argue that these comparators were similarly situated, even though his claim did not prevail.

Considering the special care given to civil rights cases, and the evidence that there were non-white officers disciplined less severely than Mr. Holmes for engaging in misconduct, albeit not the same degree of misconduct, Mr. Holmes' claim and appeal were not so groundless or meritless to rise to the level of

11

frivolous. *See McDowell v. S. Nuclear Operating Co.*, 251 Fed. Appx. 651, 653 n. 2 (11th Cir. 2007) ("Though [Plaintiffs'] claims failed on summary judgment because they did not present evidence of a proper comparator, [Plaintiffs] filed an appeal challenging this decision based on their belief that two former co-workers were proper comparators…[and] this does not evidence [pursuit] of a frivolous claim."); *see Burke-Fowler v. Orange Cnty.*, No. 6:04-cv-24-Orl-28DAB, 2005 WL 8159821, at *3 (M.D. Fla. Dec. 30, 2005) ("Although Plaintiff failed to provide properly supported summary judgment evidence regarding comparators…it was not frivolous for Plaintiff to believe that they were also putative comparators, albeit insufficiently argued to withstand the County's summary judgment motion."). Viewing the evidence in the light most favorable to Mr. Holmes, I do not find that his Title VII claim was frivolous. Because I do not find that the City has met its burden to show that Mr. Holmes' claims were frivolous, the City is not entitled to an award of fees at any level, trial or appellate.

## REPORT AND RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that the Motions for Attorneys' Fees and Costs (ECF Nos. 104, 109) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall

constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of July 2022.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE