UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-14461-MARTINEZ/REINHART

RALPH K. HOLMES,

        Plaintiff,

v.

THE CITY OF FORT PIERCE, FLORIDA,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
RENEWED MOTION FOR BILL OF COSTS [ECF No. 103]**

This matter is before me on a referral by the Honorable Jose E. Martinez. ECF No. 107.  Currently pending is a motion filed by the City of Fort Pierce ("the City"), which seeks an award of taxable costs in the amount of $16,648.80, pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. ECF No. 103.[1] In addition to the motion, I have reviewed the response and reply papers.  ECF Nos. 110, 112. For the reasons stated below, I RECOMMEND that the City's Renewed Motion for Bill of Costs be GRANTED IN PART and Mr. Holmes be taxed $6,726.70 in costs.

---

[1] The City has separately moved for attorneys' fees (including appellate attorneys' fees) and non-taxable costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000E-5(k) and Eleventh Circuit Rule 39-2. ECF Nos. 104, 109. Those motions were addressed in a separate Report and Recommendation. ECF No. 114.

## PROCEDURAL HISTORY

The procedural history of this case has been set forth in my prior Report and Recommendation (ECF No. 114) and will not be repeated here. Suffice it to say that Mr. Holmes, a former police officer for the City, brought a lawsuit alleging racial discrimination following his termination. ECF No. 1. The District Court granted the City's motion for summary judgment and entered Final Judgment in favor of the City on July 24, 2020. ECF Nos. 92, 93. Mr. Holmes appealed. ECF No. 94.

The City moved for an award of taxable costs (ECF No. 95), which the Court held in abeyance pending the outcome of Mr. Holmes' appeal. ECF Nos. 97, 99. On January 27, 2022, the Eleventh Circuit affirmed the District Court's grant of summary judgment. ECF No. 102. The mandate issued on February 25, 2022. *Id.* Thereafter, the City renewed its Motion for Bill of Costs, and included a request for appellate costs, which the Eleventh Circuit transferred to this Court. ECF Nos. 103, 108.

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Local Rule 7.3(c) provides in pertinent part: "A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within

thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920."

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-42. This section provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Under Federal Rule of Appellate Procedure 39(e), a district court may also tax costs incurred on appeal, "but they are constrained to award only those costs that are enumerated in Rule 39(e)." *Miccosukee Tribe of Indians of Florida v. United States*, No. 04-21448, 2011 WL 13100074, at *2 (S.D. Fla. Aug. 24, 2011) (J. Gold).

It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, No. 18-14156-CIV, 2019 WL 2567665, at *2 (S.D. Fla. May 29,

3

2019) (J. Maynard). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court. *See Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether [movant] is entitled to them") (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997).

*Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.*, No. 06-22139-CIV, 2009 WL 1456338, at *6 (S.D. Fla. May 22, 2009) (J. Turnoff).

The overarching principle is that taxable costs must have been necessarily incurred for use in the case, and not merely for the convenience of counsel. For example, printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed pursuant to Section 1920(2). *See Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-cv-60416, 2017 WL 3237053, at *1 (S.D. Fla. July 31, 2017) (J. Bloom) (citing *W&O*, 213 F.3d at 620-21). However, extra fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs are generally not recoverable. *George v. Florida Dept. of Corrections*, No. 07-

4

80019, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (J. Rosenbaum); *Suarez v. Tremont Towing, Inc.*, No. 07-21430, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (J. Simonton). Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case may be taxed pursuant to Section 1920. 28 U.S.C. § 1920(4). However, copies obtained only for the convenience of counsel are not recoverable. *W&O*, 213 F.3d at 623. The party moving for an award of copying costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990) (declining to award costs for copies because the movant failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

The Court retains discretion to decline to award some or all of the prevailing party's costs. *Campbell v. Rainbow City, Alabama*, 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason'" is required to deny costs under Section 1920 to a prevailing party. *Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (J. Altonaga) (citing Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed. 1998)).

## **DISCUSSION**

The City filed a Bill of Costs seeking $16,648.80. ECF No. 103. The categorized costs were:

| | |
|---|---|
| Fees for service of summons and subpoena | $ 130.00 |
| Fees for printing | $ 1,024.10 |
| Fees for copying necessary for use in the case | $ 2,836.05 |
| Fees for transcripts necessary for use in the case | $ 12,658.65 |

ECF No. 103-1.[2] In his Response, Mr. Holmes objects to $4,158.15 of the City's costs. ECF No. 110 at 14. Nevertheless, this Court has an independent obligation to ensure that any costs awarded are properly assessed under Section 1920.

1. Process Server Fees

It is well settled that private process server fees may be taxed pursuant to Section 1920, provided they do not exceed the service rates charged by the U.S. Marshal's Service. *W&O*, 213 F.3d at 624; *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, at *2-3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). The current regulations provide that the Marshal's Service charges $65 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3).

---

[2] The City also filed a Bill of Costs in the Eleventh Circuit seeking $702.90, which was approved by that Court pursuant to Federal Rule of Appellate Procedure 39 and Eleventh Circuit Rule 39-1. ECF No. 102 at 22. Mr. Holmes has not objected to the City's appellate Bill of Costs. Accordingly, I recommend that the City's request to recover appellate costs totaling $702.90 be granted.

Here, the City seeks to recover $130 in service of process expenses, and none of the individual charges exceed $65. *See* ECF No. 103-2 at 7. Given that the statute specifically provides for these costs, and that Mr. Holmes does not object to them, I recommend that the City's request to recover these costs be granted.

2. <u>Printing</u>

The City seeks $1,024.10 for printing costs. ECF No. 130-2 at 7. These costs comprise three categories: print charges from D4, LLC, charges for medical records, and charges for public records requests. *Id.* at 6-7.

*A. Print charges*

The City seeks print charges for "documents obtained for analysis to aid in defense," totaling $373.78 for 3,841 pages. *See* ECF No. 103-2 at 6, ECF No. 103-3 at 1-3, 5. The City provides four invoices from D4, LLC in support of these charges. ECF No. 103-3 at 1-3, 5. The invoices reflect that 3,833 black and white pages were printed for $0.09 per page, and 8 pages were printed in color for $0.75 per page. *Id.* The invoices do not indicate what documents were printed.

Although Mr. Holmes did not object to these costs, the City has not met its burden to show that these costs were necessarily incurred for use in this case. The City has not provided in its motion any description of the documents printed or their purpose. ECF No. 103. Rather, the City summarily represents in its chart that the D4, LLC charges were for "documents obtained for analysis to aid in defense." ECF No. 103-2 at 6-7. The Court cannot conclude from the City's vague description and the attached invoices that these charges were necessary to the

7

litigation of this matter and not merely for the convenience of counsel. *See Kaplan v. Nautilus Ins. Co.*, No. 1:17-cv-24453-KMM, 2020 WL 9458649, at *5 (S.D. Fla. Aug. 11, 2020) ("[The movant] is not entitled to copying costs because [the] vague identification of each charge does not provide the Court with sufficient information to determine if the copies were necessarily obtained for use in the case or for convenience of counsel."); *Gomez v. Smith*, No. 8:13-cv-3185-T, 2015 WL 5135772, *3-4 (M.D. Fla. Sept. 1, 2015) (denying printing costs where invoices do not state what documents were produced and movant's "generic descriptions" failed to properly explain in its motion why those documents were requested). Accordingly, I find that the $373.78 of print charges from D4, LLC should not be awarded.

### B. Medical records

The second category consists of three charges for Mr. Holmes' medical records, totaling $121.27. *See* ECF No. 103-2 at 6-7. Again, the City does not explain in its motion why these print charges were necessary to the litigation of this matter. Moreover, the chart provided by the City merely asserts that these records were "obtained for analysis to aid in defense." It may be that these records were necessarily obtained for use in the litigation, but the City has not provided sufficient detail to allow the Court to make that determination. *See Porcelanas*, 2009 WL 1456338, at *6 ("The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case."). Because the City has not met its burden, these charges should not be taxed.

### C. *Public records*

The third category is print charges for public records requests, totaling $529.05. ECF No. 103-2 at 6. The public records requests sought investigative files from the St. Lucie County Sheriff's Office regarding a prior incident involving Mr. Holmes, and files related to Mr. Holmes' application to the Martin County Sheriff's Office. ECF No. 103-3 at 4, 6. Again, the City does not address these charges in its motion and summarily asserts in its chart that the Martin County documents were "obtained for analysis to aid in defense." *Id.* at 6. The chart does not indicate the purpose, if any, for which the St. Lucie County documents were used, and the City fails to explain in its motion why these costs were necessary. It may be that some of these records were necessarily obtained for use in the case, but the City has not provided the Court with sufficient information to determine that these costs are taxable. Because the City has not met its burden, no printing charges should be taxed.

3. <u>Copying</u>

The City asks for $2,836.05 for copying charges at an in-house copying rate of $0.15 per page. I find that $0.15 per page is reasonable. *See Levy v. Remy Cointreau USA, Inc.*, No. 14-20906-CV, 2015 WL 12868176, at *5 (S.D. Fla. Mar. 31, 2015) (J. Otazo-Reyes) (approving rate of $0.14 per page) *report and recommendation adopted*, 14-CV-20906-UU, 2015 WL 12866378 (S.D. Fla. June 11, 2015). Mr. Holmes objects to all copy charges that pre-date the filing of the lawsuit, totaling $1,323 for 8,820 pages. ECF Nos. 110, 103-2 at 1-2. While not

9

addressing any copy charges in its motion, the City asserts in its reply that the objected-to charges were for Mr. Holmes' disciplinary and personnel files, and were used as evidence during his deposition and in the City's Motion for Summary Judgment. ECF No. 112 at 8.

Section 1920 specifically allows a prevailing party to recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

> "The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for used in the case." The moving party must present evidence "regarding the documents copied including their use or intended use." This evidence should include information regarding the purpose of the copies, whether the copies were related to the action, and what the copies were for.

*Levy*, 2015 WL 12868176, at *4 (citations omitted), *report and recommendation adopted*, 2015 WL 12866378 (S.D. Fla. June 11, 2015). Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery. *Porcelanas*, 2009 WL 1456338, at *7. This requirement is particularly acute for requests to tax costs related to printing out discovery materials. Now, it is customary to produce documents in electronic format; these documents can easily and inexpensively be reviewed and organized in that format.

The City did not explain in its Motion what documents were copied or the purpose they served in this litigation. ECF No. 103. In its supporting chart, the City provides numerous vague descriptions for the copies, such as: "copies of

10

records maintained by Police Department obtained for use in development of defense;" "copies of Plaintiff's employment records [ ] obtained for use in development of defense;" "copies of records used in [ ] support of Defendant's Motion for Summary Judgment;" and "records used in preparation of pre-trial motions." *See* ECF No. 103-2 at 1-6. Although the City asserted in its reply that the pre-litigation copies were necessarily obtained for use in deposition and in the Motion for Summary Judgment, the City did not address any of the other copies. ECF No. 112.

As with the requested printing costs discussed above, the City has not provided sufficient detail to permit the Court to assess what records were copied for which of the asserted purposes. *See Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-01044-33SPF, 2020 WL 13119059, at *4 (M.D. Fla. Oct. 2, 2020) (finding that the movant failed to meet its burden where cost descriptions like "obtained for use in the development of defense," "for use in preparation for summary judgment," "for analysis to aid in defense," and "for use during Plaintiff's deposition," were "too general" and "vague" to allow the court to determine whether the copies were necessarily obtained for use in this case).

The City has not provided any explanation as to why 19,027 copies were necessary in this case. It may be that some of these copies were necessarily obtained for use in the case, but the Court cannot conclude on the existing record that *all* of them were. So, because the Court cannot properly differentiate taxable

11

costs from non-taxable costs incurred for the convenience of counsel, the City has not met its burden. No copying costs should be taxed.

4. Transcripts

*A. The arbitration transcript*

The City seeks $12,658.65 in total for transcripts. Of that, Mr. Holmes only objects to $2,835.15 for the transcript from his post-termination arbitration, which occurred before he filed this lawsuit. ECF Nos. 103-2 at 7, 103-3 at 12. Mr. Holmes argues that because the City ordered the arbitration transcript before the filing of this lawsuit, it could not have incurred the expense of the transcript in anticipation of litigation. ECF No. 110 at 14. Rather, Mr. Holmes argues, the City ordered the transcript for "purposes of preparing its post arbitration brief in an entirely separate matter" and this pre-litigation cost should not be taxed. *Id.* at 15. The City counters that the transcript was necessarily obtained for use in this case because it was submitted in support of the City's Motion for Summary Judgment. ECF No. 112 at 8 (citing ECF No. 59).

Even assuming that the cost of the arbitration transcript is recoverable because the City relied upon it in its motion for summary judgment, the invoice submitted by the City does not provide adequate information for the Court to ascertain that the charges are recoverable under Section 1920. The invoice indicates that the City paid $2,835.15 for "[half] the cost of furnishing the original and two copies of [the transcript] plus attendance of reporter and condensed transcripts." As an initial matter, condensed transcripts are not taxable as costs

because they are considered to be for the convenience of counsel. *See George*, 2008 WL 2571348, at *6; *Biscayne Towing & Salvage, Inc. v. M/Y Backstage*, No. 13-20041-CIV, 2014 WL 12631667, at *3 (S.D. Fla. July 29, 2014). Moreover, the invoice does not indicate the number of pages transcribed, so the Court cannot determine the cost per page, let alone if such cost is reasonable. Given the timing of when the transcript was ordered, in addition to the non-itemized invoice which prevents the Court from differentiating taxable costs from non-taxable costs, I find that the City has not met its burden. *See Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *5 (finding that costs cannot be awarded when an invoice fails to "[set] forth a per-page rate and [break] down the cost," and the movant fails to "provide that necessary detail in its papers"). The arbitration transcript should not be taxed.

### B. Other Transcripts[3]

#### i. Per-page rate

The City submits four invoices from Turner Reporting with a per-page transcription rate of $8. ECF No. 103-3 at 13-14, 16, 21. Although Mr. Holmes does not object to these costs, I find that the rate of $8 per page for non-expedited transcripts is excessive. The properly taxable amount is $4.02 per page, which conforms to the Southern District of Florida fee schedule. *See* www.flsd.uscourts.gov/transcript-rate-schedule; *see also Patsalides v. City of Fort*

---

[3] Given that Mr. Holmes does not object to the remaining transcripts as being necessarily obtained for use in the case, I will limit my review to whether the charges identified on stenographer's invoices are taxable.

*Pierce*, No. 15-14431-CIV, 2017 WL 10402989, at *4 (S.D. Fla. Sept. 20, 2017) (J. Maynard), *report and recommendation adopted*, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017) (awarding $4.02 per page).

Accordingly, the following transcripts should be taxed at a reduced per-page rate of $4.02: (1) Fort Pierce press conference, (2) City Commission meeting, (3) audiotaped interviews, and (4) sworn audiotaped interviews from Internal Affairs. The invoices show that these transcripts comprise 265 pages. *See* ECF No. 103-3 at 13-14, 16, 21. At $4.02 per page, the taxable amount is $1,065.30.[4]

The City submits invoices for two depositions of Mr. Holmes taken in this case, which were charged at the rate of $4.75 per page. ECF No. 103-3 at 17, 19. The City also submits a singular invoice for the depositions of Joni Livingston, Kathrine England, Diane Hobley-Burney, and Nicholas Mimms, charged at the rate of $3.00 per page. *Id.* at 20. Mr. Holmes does not object to these charges. I find that these per-page charges are reasonably close to the $4.02 per-page rate and should be allowed as taxable costs.[5] *See Harrell v. City of Opa-Locka*, No. 20-cv-21927, 2022 WL 1609090, at *5 (S.D. Fla. May 3, 2022) (J. Goodman) (finding that $4.50 per-page rate was "reasonably close" to the $4.02 per-page rate).

---

[4] The restroking fees for these transcripts will be addressed in the next section.

[5] The videography charges for Mr. Holmes' depositions will be addressed in a subsequent section.

ii. Restroking fees

The four invoices enumerated above also contain "restroking fees" ranging from $40 to $160. ECF No. 103-3 at 13-14, 16, 21. The City has not explained the restroking fee or shown why it is taxable in its papers. Therefore, I find that these charges are not recoverable as taxable costs under Section 1920. *See Patsalides*, 2017 WL 10402989, at *19, *report and recommendation adopted* (citations omitted) (finding that restroking fee should not be awarded where movant failed to show why the fee was taxable).

iii. Videography and exhibits

Both of Mr. Holmes' depositions in this case were videotaped, as indicated on the invoices submitted by the City. ECF No. 103-3 at 17, 19. The total videography charge reflected for both depositions is $1,650. *Id.* Although the record indicates that Mr. Holmes did not object to videotaped depositions when they were noticed, the City must nonetheless justify its request to tax videography costs with specific evidence:

> [T]he Eleventh Circuit has affirmed that when a party notices a deposition to be recorded by nonstenographic means [ ] and no objection is raised at that time by the other party to the method of recordation [ ], it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed. *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). For such costs to be taxable, [however], the prevailing party must [still] explain why it was necessary to obtain both regular transcripts and videotaped copies. *Id.* at 465 (noting that the prevailing party failed to explain why it was necessary to obtain video copies for use in the case). Courts in the Eleventh Circuit routinely decline to award costs for videotaped depositions because the party requesting the cost failed to explain why such methods were necessary. *American Home*

*Assur. Co. v. Weaver Aggregate Transp., Inc.*, 89 F. Supp. 3d 1294, 1308 (M.D. Fla. Feb. 26, 2015).

*Venerio v. Fed. Express Corp.*, No. 17-22624-CIV, 2018 WL 9367858, at *3 (S.D. Fla. Dec. 27, 2018). The City did not explain in the Motion why the videotapes of Mr. Holmes' depositions were necessary to this litigation. I find that these costs should not be taxed because the City did not meet its burden to justify why it was necessary to obtain both regular transcripts and videotaped copies.

The City also seeks costs for the preparation of exhibits by the stenographer at the depositions in this case, totaling $633. *See* ECF No. 103-3 at 17, 19-20. Generally, only deposition transcript costs and court reporter appearance fees are recoverable. *Venerio*, 2018 WL 9367858, at *4. Extraneous costs such as court reporter copies of deposition exhibits are not reimbursable under Section 1920. *Id.*; *see also Panama Music Corp. v. UMG Recordings, Inc.*, No. 12-CV-20200, 2013 WL 12383484, at *3 (denying cost of deposition transcript exhibits where the movant did not demonstrate the purpose of the exhibit copies). The City has not presented any basis for an exception to the general rule that costs of deposition exhibits are not taxable under Section 1920. Because the City has failed to demonstrate why these costs were necessary to the litigation, they should not be taxed.

    iv.  <u>Non-itemized invoice</u>

The City seeks $277 in costs for the transcript of Mr. Holmes' deposition in a case entitled *Smith v. City of Fort Pierce*. ECF No. 103-3 at 15. However, the invoice is not itemized and does not display a per-page charge or any other fees.

Because the Court cannot properly differentiate taxable costs from non-taxable costs, the City has not met its burden. This transcript should not be taxed. *See J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 5446412, at *4 (S.D. Fla. Sept. 28, 2013) (awarding no costs for deposition transcripts where invoices were non-itemized).

v. Transcript costs awarded

In total, the City is entitled to $5,893.80 for transcript costs. After deducting the cost of the arbitration transcript, restroking fees, videography and exhibit fees, and the non-itemized invoice for $277, as well as reducing the $8 per page rates to $4.02 per page, the following transcription costs are taxable:

| | |
|---|---|
| Fort Pierce Press Conference | $ 68.34 |
| City Commission Meeting | $ 44.22 |
| Audiotaped Interviews | $ 631.14 |
| Deposition of Ralph Holmes (5/14/2019) | $ 2,182.75 |
| Hearing Attendance | $ 125.00 |
| Deposition of Ralph Holmes (9/10/2019) | $ 1,179.75 |
| Depositions of Livingston, England, Hobley-Burney, and Mimms | $ 1,341.00 |
| Sworn Audiotaped Interviews from Internal Affairs | $ 321.60 |

## **RECOMMENDATION**

For the foregoing reasons, I **RECOMMEND** that the City's Renewed Motion for Bill of Costs (ECF No. 103) be **GRANTED IN PART AND DENIED IN PART**, and that Mr. Holmes be taxed $6,726.70 in costs as follows:

| | |
|---|---|
| Process Server Fees: | $ 130.00 |
| Printing: | $ 0.00 |
| Copying: | $ 0.00 |
| Transcripts: | $ 5,893.80 |
| Appellate Costs: | $ 702.90 |

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of July 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE